UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE MANCUSO,

                      Plaintiff,

    v.

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,

                      Defendant.

No. 22-CV-5633 (KMK)

ORDER ADOPTING REPORT & RECOMMENDATION

Appearances:

Lewis Bart Insler, Esq.
Law Office of Lewis B. Insler
Asheville, NC
*Counsel for Plaintiff*

Daniella Marie Calenzo, Esq.
Heetano Shamsoondar, Esq.
Social Security Administration, Office of The General Counsel
Baltimore, MD
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

    Denise Mancuso ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of Acting Commissioner of Social Security Kilolo Kijakazi (the "Commissioner" or "Defendant"), who denied her application for a period of disability and related insurance benefits. (Compl. (Dkt. No. 1).) The case was referred to Magistrate Judge Andrew E. Krause. (Dkt. No. 8.) On December 14, 2022, Plaintiff moved for judgment on the pleadings. (Pl's Mot. (Dkt. No. 12); Pl's Mem. of Law ("Pl's Mem.") (Dkt. No. 13).) After two extensions, (Dkt. Nos. 16, 18), Defendant responded by way of her own Motion for Judgment on

the Pleadings on May 3, 2023.  (Def's Mot. (Dkt. No. 19); Def's Mem. of Law ("Def's Mem.") (Dkt. No. 20).)

On August 15, 2023, Judge Krause issued a thorough Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion and grant Defendant's Motion. (Report & Recommendation 1 (Dkt. No. 22).)  Plaintiff timely filed objections to the R&R on August 16, 2023.  (*See* Pl's Obj's to R&R ("Pl's Obj's") (Dkt. No. 23).)  Defendant filed a response to Plaintiff's objections on August 30, 2023.  (Def's Resp. to Pl's Obj's (Dkt. No. 24).)

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300, 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same).  Under § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  When a party submits timely and specific objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Bradley*, 2015 WL 1069307, at *1.  Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When

the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if there is no clear error on the face of the record." (quotation marks omitted)).

However, objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (italics omitted); s*ee also Assenheimer v. Comm'r of Soc. Sec.*, No. 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (same).

Here, Plaintiff takes issue with the "basic premise of the R&R . . . that the ALJ decision properly articulates the support for its conclusions,"[1] (Pl's Obj's 1), and raises two specific objections: (1) Plaintiff objects that, in reviewing the ALJ's residual functional capacity ("RFC") determination, the R&R conflated the "stability" of Plaintiff's condition with its "lack of severity" (*id*. at 2; Pl's Mem. 16-17); and (2) Plaintiff objects to the R&R's conclusion that the opinion of Plaintiff's treating physician was "unpersuasive," (Pl's Obj's 2).

Although these objections target specific portions of the R&R, they "simply rehash the arguments" in Plaintiff's initial briefing. *See Williams v. Comm'r of Soc. Sec.*, No. 15-CV6719, 2017 WL 4326119, at *1 (S.D.N.Y. Sept. 28, 2017). Indeed, Plaintiff acknowledges that she argued both issues to Judge Krause. (Pl's Obj's 2.) But instead of explaining why either objection is reason to reject the R&R, Plaintiff incorporates her earlier briefing by reference. (*Id*.

---

[1] Plaintiff also suggests that the R&R misconstrued Plaintiff's challenge as one directed at the ALJ's conclusions when Plaintiff actually challenged the ALJ's "articulation" of those conclusions. (Pl's Obj's 1–2 (citing 20 C.F.R. § 416.920c).) While Plaintiff "disagree[s]" with one line of the R&R, she does not object to any of its findings on this ground. Even construing this point as an objection, it "fail[s] to state [a] specific basis for not adopting the R&R" and therefore "does not require the [C]ourt to engage in de novo review." *Petrovic v. Comm'r of Soc. Sec.*, No. 15-CV-2194, 2016 WL 6082038, at *2 (S.D.N.Y. Oct. 14, 2016).

3

("Plaintiff dealt with the erroneous use of 'stable' by the ALJ at Pl Mem[.] 16-17 . . . and will not repeat it here."); *see also id.* (stating "we point the court to page 5 of the Reply Memorandum . . . where we have previously made th[e] argument" that "Dr. Booker's opinion is both supported and consistent").) "[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). Because of this, Plaintiff's objections "are reviewed only for clear error." *Williams*, 2017 WL 4326119, at *1 (quoting *Faucette v. Comm'r of Soc. Sec.*, No. 13-CV-4851, 2015 WL 5773565, at *3 (S.D.N.Y. Sept. 30, 2015) (applying clear error review where Plaintiff's objections "repeat[ed] nearly verbatim the arguments that [the p]laintiff made in his original brief")); *Weinrauch v. N.Y. Life Ins. Co.*, No. 12-CV-5010, 2013 WL 1100809, at *2 (S.D.N.Y. Mar. 18, 2013) (reviewing objections for clear error where the objector "rehashe[d] his previous arguments to" the Magistrate Judge).

Finding no error, clear or otherwise, the Court adopts the R&R in its entirety.[2] Accordingly, Plaintiff's Motion is denied and Defendant's Motion is granted. The Clerk of Court is respectfully directed to terminate the pending motions, (Dkt. Nos. 12, 19), and to close the case.

SO ORDERED.

Dated:  September 28, 2023
        White Plains, New York

                                                          _____
                                                          KENNETH M. KARAS
                                                          United States District Judge

---

[2] To be clear, de novo review would yield the same result.